**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David SIMCHO, Defendant–Appellant.**

**No. 09–10131.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 25, 2010.

Cynthia Lewis Stier, Esquire, Assistant U.S., U.S. Attorney's Office, San Francisco, CA, for Plaintiff–Appellee.

Matthew Shaftel, Esquire, San Francisco, CA, for Defendant–Appellant.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

David Simcho appeals from his guilty-plea conviction and two concurrent 27–

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

880

month sentences for aiding or assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2), and tax evasion, in violation of 26 U.S.C. § 7201. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Simcho's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided the appellant with the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal.

Accordingly, counsel's motion to withdraw is **GRANTED**, and the district court's judgment is **AFFIRMED**. However, we **REMAND** sua sponte for the limited purpose of considering whether the judgment is consistent with the district court's oral pronouncement regarding special condition of supervised release # 1. *See, e.g., United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.